# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

V.

**JAMES DEAN WILLIAMS**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:12-CR-10

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C.§924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 26 years old with a criminal history dating back nine years, and a juvenile history prior to that. Defendant has no record of sustained employment or assets.

DEFENDANT DOES NOT RESPOND WELL UNDER SUPERVISION OR AUTHORITY. In 2003, he was given 30 hours on a work crew for being a minor in possession. He failed to complete his work crew hours or pay the fine and costs, and failed to appear for an order to show cause. A bench warrant remained outstanding for nearly (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community if the defendant was released on bond, since defendant has previously failed to abide by conditions similar to those he would be subject to on bond, while on parole or probation. He has twice been convicted (once for armed robbery) for criminal offenses while on probation or parole, and the November 2011 charge in the pending indictment was allegedly committed while (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 4, 2012

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:12-cr-00010-JTN  ECF No. 24 filed 04/05/12  PageID.39  Page 2 of 2

United States v. **JAMES DEAN WILLIAMS**
1:12-CR-10
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

a year.  (He was subsequently arrested on a felony charge and the case was closed.)

Defendant committed an armed robbery while less than two months into his probation on a retail fraud conviction. After being released from prison, defendant was convicted of another offense while on parole, and given five days in jail.

Defendant has been indicted on two allegations of being a felon in possession of a firearm.  The first incident allegedly occurred on June 26, 2011, and defendant was released on a cash bond.  The second incident allegedly happened on November 12, 2011, while defendant was on bond for the first charge.  (The Pretrial Services officer also indicates defendant was on probation when he was convicted of creating a disturbance and malicious destruction of property, but this appears incorrect.)

When approached by police officers in the June 26, 2011 incident, defendant knocked down an officer and fled.

Furthermore, it appears defendant was not truthful with the Pretrial Services officer when describing his substance abuse.

DEFENDANT HAS ALSO DEMONSTRATED A PROCLIVITY TOWARD VIOLENT BEHAVIOR.  He has convictions for malicious destruction of property, assault and battery, armed robbery, and the two alleged offenses in the indictment involve being a felon in possession.  Moreover, when he was confronted by the Grand Rapids Police Department for the June 26th incident, he fled the Grand Rapids Police, knocking one of them down, and was apprehended only after he ran into a fence post.

In the November incident, defendant became a suspect after he was involved in a bar fight in the parking lot of the Galewood Bar in Grand Rapids, and allegedly hit a man with a gun.

Defendant was also stabbed in a September incident.

**Part II - Written Statement of Reasons for Detention** - (continued)

defendant was on bond for the other charge in the indictment.  He has physically resisted police officers.